IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-00009-FL

| | |
|---|---|
| RONALD HUGH HUTTON,<br><br>              Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF VETERANS AFFAIRS,<br><br>              Defendant. | **ORDER AND REPORT AND RECOMMENDATION** |

      Ronald Hugh Hutton, a pro se plaintiff, request from the court leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) [D.E. 1]. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A)- (B).

## Order on Motion to Proceed *In Forma Pauperis*

      Hutton's Affidavit demonstrated that he is unable to prepay the required fees and costs to maintain this action. His motion to proceed *in form pauperis* is GRANTED.

## Memorandum and Recommendation on Frivolity Review

**I. Background**

      Hutton initiated this action by filing a four-page Complaint challenging the Department of Veterans Affairs' (VA) 1988 finding that he is a disabled veteran. Hutton contends that this classification is no longer valid because he is now able to work. He seeks to have his name removed from the VA database. He maintains that this court has jurisdiction over his claims under the Universal Declaration of Human Rights as well as the Twenty-Third Amendment.

      Hutton's Complaint references an earlier action in which he raised similar issues and sought similar relief. *See Hutton v. U.S. Dep't of Veternas Affairs*, No. 5:13-CV-417-FL, 2014

WL 2112673 (E.D.N.C. Apr. 4, 2013) (*Hutton I*), *Mem & Recom. adopted*, 2014 WL 2112668 (E.D.N.C. May 20, 2014), *aff'd*, 528 F. App'x 244 (4th Cir. Sept. 2, 2104).[1] In *Hutton I*, the court determined that it lacked subject matter jurisdiction over Hutton's claim because he failed to follow the procedures set out in the Veterans' Judicial Review Act of 1988 (VJRA) for challenging the VA's decision on such issues. *Id.* at *2.

## II. Legal Standards

The court's authority to allow a party to proceed without prepayment of costs comes with the responsibility to ensure that this exemption is not abused. The law requires that the court dismiss a case brought *in forma pauperis* if it determines at any time that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)- (ii). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

As part of the frivolity review, the court should consider whether it has subject matter jurisdiction over the controversy before it. S*ee Lovern v. Edwards,* 190 F.3d 648,654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell,* No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. Jan. 8, 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

## III. Discussion

After a thorough review of the Complaint, the court concludes that it does not have subject matter jurisdiction over Hutton's claim. The essence of Hutton's Complaint is a request

---

[1] A similar claim was dismissed last month. *See Hutton v. U.S. Dep't of Veternas Affairs*, No. 5:14-CV-847-FL

that the court review the VA's apparent denial of his request to modify its determination that he is entitled to disability benefits due to mental disability. In *Hutton I*, Magistrate Judge Gates outlined the impediments to this court considering such a request:

> The Veterans' Judicial Review Act of 1988 ("VJRA") provides the exclusive process by which veterans may adjudicate claims relating to veterans' benefits. Specifically, appeals of benefits decisions made by the VA Secretary lie with the Board of Veterans' Appeals ("BVA"). Thereafter, "[t]he BVA decision may be appealed by the claimant to the [Court of Appeals for Veterans Claims], . . . and then, under certain circumstances, to the United States Court of Appeals for the Federal Circuit. The decisions of the Federal Circuit are subject to review only by the United States Supreme Court upon certiorari. Accordingly, federal district courts have no jurisdiction to review a VA benefits decision.

This court's lack of subject matter jurisdiction requires the dismissal of Hutton's Complaint.

With respect to Hutton's numerous filings on this issue, the imposition of a pre-filing injunction appears warranted. Courts have the constitutional obligation and the inherent power to protect against conduct that impairs the court's ability to conduct its functions. *Tucker v. Seiber*, 17 F.3d 1434, 1994 WL 66037 at *1 (4th Cir. 1994) (unpublished). This court maintains the authority under the All Writs Act, 28 U.S.C. § 1651, "to limit access to the courts by vexatious and repetitive litigants." *Cromer v. Kraft Foods N Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). Where a pro se plaintiff's "vexatious conduct hinders the court from fulfilling its constitutional duty," courts have placed limits on filing new cases. *Tucker*, 17 F.3d 1434, 1994 WL 66037, at *1. This remedy must be used sparingly, and access to the court should not be limited absent exigent circumstances. *Cromer*, 390 F.3d at 817-18.

"In determining whether a pre-filing injunction is substantively warranted," this court is required to

weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the parties' filings; and (4) the adequacy of other sanctions.

*Id.* at 818. The court must narrowly tailor any injunction to fit the specific circumstances justifying the injunction. *Id.* Additionally, before issuing an injunction, a court must give the individual to be enjoined notice and an opportunity to be heard. *ld.* at 819.

In addition to the present matter, Hutton has filed at least three other actions in this court: *Hutton v. U.S. Dept. of Veterans Affairs*, No. 5:12-CV-0001-FL; *Hutton v. U.S. Dept. of Veterans Affairs*, No. 5:13-CV-0417-FL; and *Hutton v. U.S. Dept. of Veterans Affairs*, No. 5:14-CV-0847-FL. All of these actions concern the dame subject matter: Hutton's belief that he should no longer be classified as disabled by the VA. Despite being advised that the court lacks subject matter jurisdiction over such a claim, Hutton persists in refiling. Accordingly, the imposition of a pre-filing injunction is recommended.

## IV. Conclusion

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED as frivolous. It is further RECOMMENDED that the court enter a pre-filing injunction.

The Clerk shall send copies of this Memorandum and Recommendation to plaintiff, who shall have until February 12, 2015, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a *de novo* review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

Dated: January 26, 2015.

_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE