IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-9-FL

| | |
|---|---|
| RONALD HUGH HUTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER AND PRE-FILING |
| ) | INJUNCTION |
| U.S. DEPARTMENT OF VETERANS ) | |
| AFFAIRS, Board of Veterans Appeals ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the memorandum and recommendation ("M&R") of Magistrate Judge Robert T. Numbers, II, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss plaintiff's complaint on frivolity review pursuant to 28 U.S.C. § 1915(e)(2), and enter a pre-filing injunction. No objections to M&R were filed. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendations of the magistrate judge.

**DISCUSSION**

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th

Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff filed an application to proceed *in forma pauperis* on January 7, 2015, asserting claims for injunctive relief against the U.S. Department of Veterans Affairs ("VA"), alleging that defendant failed to remove his designation by the VA as disabled veteran, which status plaintiff suggests has negatively impacted his ability to secure employment. This court has previously dismissed twice as frivolous similar claims for relief. See Hutton v. U.S. Dep't of Veterans' Affairs, No. 5:13-CV-417-FL, 2014 WL 2112668 (E.D.N.C. May 20, 2014), aff'd, 582 F. App'x 244 (4th Cir. 2014) ("Hutton I"); Hutton v. U.S. Dep't of Veterans' Affairs, 5:14-CV-847-FL (Order, Dec. 30, 2014), aff'd, 589 F. App'x 123 (4th Cir. 2014) (concluding "that this appeal is frivolous") ("Hutton II"). In the instant matter, the magistrate judge granted the *in forma pauperis* application, but the magistrate judge again determined on frivolity review that this court lacks subject matter jurisdiction to consider plaintiff's claims because jurisdiction over claims challenging benefits determinations by the VA lie with the Board of Veterans' Appeals and then the U.S. Court of Appeals for the Federal Circuit.

Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A case is "frivolous" if it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Upon careful review of the record and the M&R, the court adopts the cogent analysis contained in the M&R. The Veterans Judicial Review Act of 1988, 38 U.S.C. § 511(a) provides the exclusive process by which veterans may adjudicate claims relating to veterans' benefits. See Butler v. United States, 702 F.3d 749, 753 (4th Cir. 2012) (stating that "§ 511 precludes jurisdiction over

2

cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits and also to those decisions that may affect such cases") (internal quotations omitted). In addition, the court notes that plaintiff's assertions in his proposed complaint are repetitive and largely nonsensical. Accordingly, plaintiff's claim seeking to have the court review the VA decision regarding his benefits status, and decisions related thereto, and the additional nonsensical allegations, must be dismissed for lack of subject matter jurisdiction.

Furthermore, plaintiff has filed three actions previously in this court, in addition to the present matter, all asserting duplicative, frivolous, claims.[1] There is not a good faith basis for pursuing the repetitive claims, as has been communicated by the court's prior orders, as well as the orders of the Fourth Circuit court of appeals. These filings burden the court's resources unnecessarily. A pre-filing injunction, at this time limited to suits by plaintiff against the U.S. Department of Veterans Affairs, will be narrowly tailored to limit such vexatious lawsuits. In addition, plaintiff has received notice of the magistrate judge's recommendation to impose a pre-filing injunction and an opportunity to object thereto, and no objections have been received. Accordingly, upon the basis of these factors, see Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2014), the court adopts the recommendation of the magistrate judge to enter a pre-filing injunction on the terms stated below.

---

[1] In addition to the two actions noted above, plaintiff filed a similar action in 2012, which this court transferred to the Middle District of North Carolina. See Hutton v. U.S. Department of Veterans Affairs, No. 5:12-CV-1-FL (Order, February 23, 2012).

3

CONCLUSION AND PRE-FILING INJUNCTION

Based on the foregoing, upon de novo review of the record and the recommendation in the M&R, the court ADOPTS the recommendation of the magistrate judge, and plaintiff's action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2). The clerk is DIRECTED to close this case.

In addition, the court hereby ENJOINS plaintiff from filing in this district any motion or lawsuit against the U.S. Department of Veterans Affairs. If plaintiff files any motion or lawsuit in this district asserting claims against the U.S. Department of Veterans Affairs, the clerk is DIRECTED to return without filing any such document, or to strike any such document from the record and return the document to plaintiff. In addition, plaintiff must attach a copy of this injunction to any complaint or motion for leave to proceed in forma pauperis filed in this judicial district, regardless of the subject matter of the lawsuit or motion.

SO ORDERED, this the 22nd day of April, 2015.

LOUISE W. FLANAGAN
United States District Judge

4